TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00609-CV






In re Beverly Jean Brown, et al.; In re Kenneth Shirley, et al.;


and In re Jimmy Leon Smathers, Relators









ORIGINAL PROCEEDING FROM TRAVIS COUNTY






PER CURIAM

 Relators complain of the trial court's order that they produce documents used to
prepare witnesses for depositions. They contend that the documents are privileged and that there
was no proof that any of the witnesses actually used the documents to refresh their memories prior
to testifying. They request a writ ordering the trial court to vacate its order and conclude instead
that the documents are privileged and exempt. We will conditionally grant the writ.


BACKGROUND


 Relators are twenty-nine plaintiffs in three lawsuits alleging personal injuries
suffered from exposure to asbestos. The document at issue ("the Memo") is entitled "Preparing
for Your Deposition/Attorney Work Product." A legal assistant at Baron & Budd provided the
twenty-page Memo to the twenty-nine plaintiffs. The first half is a question-and-answer section
containing descriptions of asbestos-laden products and blanks for plaintiffs to describe their
exposure to those products. It also contains a section describing the deposition process and
instructing the plaintiffs how to prepare, dress, and conduct themselves.

 The Memo was discovered by the defense bar when it was accidentally produced
by an unrelated plaintiff represented by Baron & Budd during a deposition in an unrelated asbestos
case in Nueces County. Defense counsel requested the Memo after the plaintiff referred to it
during his deposition. Asbestos defendants across the country, including those in this case,
immediately requested production of the Memo in all cases in which it was used.

 The trial court considered evidence in making its decision. The court supervised
the deposition of Russell Budd, a shareholder in Baron & Budd. It reviewed various documents,
including the Memo, court documents from other cases nationwide, and the affidavit of the legal
assistant who prepared the Memo.

 The trial court ordered plaintiffs to produce the Memo. The court found that the
Memo was not attorney work product because it was prepared by a non-attorney without
supervision by an attorney and without knowledge of an attorney until shortly before August 27,
1997. The court also found that the Memo was not shielded by the attorney-client privilege
because it sought to elicit information that was to be produced at deposition and not remain
confidential. The court further found that a claim of privilege could not shield the Memo because
it was used to refresh the witnesses' recollections before they testified. The court found that the
Memo was designed to shape and mold the witnesses' testimony and that the interests of justice
therefore required that the Memo be produced because it was unworthy of protection. The court
nevertheless left in place a protective order that limited distribution of the Memo to counsel of
record only; the court left open the possibility that the parties could later request the lifting of the
protective order. The court denied all other relief requested.


DISCUSSION


 We will consider the following three of the four issues relators present in their petition:

 

1. Do the work product exemption and the attorney-client privilege attach to
communications between a client and a lawyer's legal assistant?


2. Is the communication from client to lawyer not "confidential" because the
information is intended to later be disclosed in discovery?


. . .



4. Does Rule 612 Texas Rules of Civil Evidence require a document to be
disclosed to an adversary even though the adversary fails to show that it was
actually used by a witness to refresh that witness's recollection?



 We review the trial court's decision for an abuse of discretion that cannot be
remedied by way of ordinary appeal. Walker v. Packer, 827 S.W.2d 840-42 (Tex. 1992). A
court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to
a clear and prejudicial error of law. Id. at 839. We review de novo the trial court's interpretation
of the law. Id. at 840. We defer to the district court's resolution of a factual issue unless it is
clear from the record that the trial court could have reached only one decision. Id. at 839-40. 
Mandamus is appropriate when parties are ordered to disclose privileged documents because there
is no adequate remedy by appeal. Id. at 843.


The attorney-client privilege

 The attorney-client privilege grants the client the privilege to refuse to disclose (and
prevent disclosure of) confidential communications made for the purpose of facilitating the
rendition of professional legal services to the client between himself and his attorney's
representative. Tex. R. Civ. Evid. 503(b)(1). A representative of an attorney is one employed
to assist the attorney in the rendition of professional legal services. Tex. R. Civ. Evid.
503(a)(4)(i). A communication is confidential if it is not intended to be disclosed to third persons
other than those to whom disclosure is made in furtherance of the rendition of professional legal
services. Tex. R. Civ. Evid. 503(a)(5). No privilege applies if the lawyer's services were
sought or obtained to aid anyone to commit what the client knew or reasonably should have known
to be a crime or fraud. Tex. R. Civ. Evid. 503(d)(1).

 The trial court did not expressly hold the attorney-client privilege inapplicable on
its own terms; the court instead held that Texas Rule of Civil Evidence 612(2) (discussed below)
prevented application of the privilege. Because one of the trial court's findings might be
construed to defeat the privilege, we will examine the applicability of the privilege.

 We conclude that the elements invoking the privilege are present. The Memo's
author was undisputedly an employee of the client's attorney; though the attorneys may have tried
to distance themselves from her actions, she clearly intended the Memo to facilitate the rendition
of legal services to the client. The communication of the nature of the client's exposure to
asbestos by the client to the attorney's representative is undisputably made to facilitate legal
representation. We further conclude that the trial court did not abuse its discretion by rejecting
the assertion of the crime-fraud exception and waiver in its Mother-Hubbard denial of relief
requested but not granted. There was no evidence that the clients were aware that the Memo was
part of any crime or fraud. There was also no showing how the production of the Memo in the
Nueces County lawsuit constituted a waiver of the privilege by these relators. Nor did the court
abuse its discretion in rejecting the theory of waiver by offensive use.

 We conclude, however, that the trial court abused its discretion in finding that "the
information obtained from the client about the presence and use of alleged asbestos-containing
products was never intended to be confidential." The trial court reasoned that there was no
intention of confidentiality because the clients would give the same responses to defense counsel
at deposition. However, the fact that the clients would presumably provide the same information
in their depositions as they did in their Memo responses does not strip the Memo of its
confidentiality. See Upjohn Co. v. United States, 449 U.S. 383 (1981). In Upjohn, attorneys
investigating questionable payments made by the company sent questionnaires to corporate
representatives and instructed them to treat the investigation as highly confidential. Id. at 387. 
The attorneys also interviewed those representatives and took notes of their conversations. Id. 
The Internal Revenue Service demanded production of the questionnaires and notes. Id. at 388. 
The Supreme Court held that, even though the IRS was free to elicit the same factual responses
the Upjohn attorneys requested, the questionnaires and notes were communications between
attorneys and clients and therefore were covered by the attorney-client privilege. Id. at 395-96. 
We find no evidence that the Memo was not intended to be kept confidential between the client
and the attorney's representative. Rather, the text in the Memo and the testimony from Baron &
Budd's representatives indicate only that the Memo was intended to be confidential. Though the
real parties in interest can ask the same questions covered in the Memo, they are not entitled to
possess the confidential communication between the attorney's representative and the client. We
conclude that Upjohn controls the disposition of this issue and that the trial court abused its
discretion to the extent it concluded otherwise.

 We note that the San Antonio Court of Appeals reached a similar conclusion when
considering a similar petition for mandamus. In re Baron & Budd, P.C., No. 04-98-00010-CV
(Tex. App.--San Antonio April 22,1998). After the disclosure of the Memo in the Nueces County
case, the asbestos defendants requested the trial court declare the Memo fell within the crime-fraud exception to the attorney-client privilege. The trial court made the requested declaration. 
The San Antonio Court of Appeals conditionally issued a writ of mandamus concluding that the
attorney-client privilege protected the document and that the asbestos defendants failed to prove
that the crime-fraud exception applied. Id., slip op. at 8-9.


Use of documents to refresh memory

 The trial court also concluded that the interests of justice outweighed the need to
protect this communication between attorney and client. A trial court may order the production
of a writing "[i]f a witness uses a writing to refresh his memory for the purpose of testifying
either--(1) while testifying, or (2) before testifying, if the court in its discretion determines it is
necessary in the interests of justice." Tex. R. Civ. Evid. 612. The trial court found that the
intent of the Memo was to refresh the clients' memories, citing the repeated use of words like
"remember." The court found that the Memo was unworthy of protection because its primary
intent was to shape and mold the testimony of the witness.

 We conclude that the trial court misinterpreted the rule and abused its discretion
by focusing on the purpose of the drafter of the Memo rather than on the witnesses' purposes. 
We agree with the trial court that the issue is not whether the writing actually refreshes the
witness's memory. But, we have held disclosure is required only if the witness appears to be
actually using the papers for the purpose of refreshing memory. McGregor v. Gordon, 442
S.W.2d 751, 754 (Tex. Civ. App.--Austin 1969, writ ref'd n.r.e.). Though McGregor concerned
papers used during testimony, the focus on the witness's purpose for using the document is the
same regardless of when the document is used. See Tex. R. Civ. Evid. 612. In its key finding
that "the intent of the [Memo] is to refresh the memory of the deponent prior to deposition" the
trial court missed Rule 612's focus on the witness's purpose in using the writing. This distinction
is critical because we find no evidence in the record of what the relators' purposes in using the
Memos were. Baron & Budd's legal assistant's sworn statement--that the Memo was intended in
part to assist the witnesses in remembering facts and situations that would be raised in
deposition--is not dispositive of the witnesses' intent in using the writing. The witnesses might
have used the Memos merely to communicate the nature of their asbestos exposure to their
attorneys and to learn about deposition strategy. These purposes are not within the narrower
scope of Rule 612 and would not justify abrogation of the attorney-client privilege.

 We also note that we do not view the content of the Memo as requiring disclosure. 
Though the instructions are occasionally heavy-handed, they are not so overbearing as to justify
destruction of the attorney-client privilege as to the entire document.

 Because we conclude that the Memos are protected by the attorney-client privilege,
we need not consider the relators' issues regarding the applicability of the attorney work-product
privilege.


CONCLUSION


 We hold that the trial court abused its discretion by finding that the Memo was not
confidential. We conclude that the Memo is protected by the attorney-client privilege as a
confidential communication between an attorney's representative and the client made for the
purpose of facilitating the rendition of legal services. Because we find no evidence that the
witnesses used the Memo intending to refresh their memories, we further conclude that the trial
court abused its discretion by holding that the memory-refreshing purpose of the Memo required
its disclosure under Texas Rule of Evidence 612(2).

 We therefore conditionally grant the writ of mandamus ordering the trial court to
vacate its order of October 8, 1997 requiring the disclosure of the Memo. The trial court should,
in accord with this opinion, sustain the claim of the attorney-client privilege. The writ will issue
only if the trial court refuses to vacate its order. The documents filed under seal in this court shall
remain under seal.


Before Justices Powers, Kidd and B. A. Smith

Writ of Mandamus Conditionally Granted

Filed: April 30, 1998

Do Not Publish



eals reached a similar conclusion when
considering a similar petition for mandamus. In re Baron & Budd, P.C., No. 04-98-00010-CV
(Tex. App.--San Antonio April 22,1998). After the disclosure of the Memo in the Nueces County
case, the asbestos defendants requested the trial court declare the Memo fell within the crime-fraud exception to the attorney-client privilege. The trial court made the requested declaration. 
The San Antonio Court of Appeals conditionally issued a writ of mandamus concluding that the
attorney-client privilege protected the document and that the asbestos defendants failed to prove
that the crime-fraud exception applied. Id., slip op. at 8-9.


Use of documents to refresh memory

 The trial court also concluded that the interests of justice outweighed the need to
protect this communication between attorney and client. A trial court may order the production
of a writing "[i]f a witness uses a writing to refresh his memory for the purpose of testifying
either--(1) while testifying, or (2) before testifying, if the court in its discretion determines it is
necessary in the interests of justice." Tex. R. Civ. Evid. 612. The trial court found that the
intent of the Memo was to refresh the clients' memories, citing the repeated use of words like
"remember." The court found that the Memo was unworthy of protection because its primary
intent was to shape and mold the testimony of the witness.

 We conclude that the trial court misinterpreted the rule and abused its discretion
by focusing on the purpose of the drafter of the Memo rather than on the witnesses' purposes. 
We agree with the trial court that the issue is not whether the writing actually refreshes the
witness's memory. But, we have held disclosure is required only if the witness appears to be
actually using the papers for the purpose of refreshing memory. McGregor v. Gordon, 442
S.W.2d 751, 754 (Tex. Civ. App.--Austin 1969, writ ref'd n.r.e.). Though McGregor concerned
papers used during testimony, the focus on the witness's purpose for using the document is the
same regardless of when the document is used. See Tex. R. Civ. Evid. 612. In its key finding
that "the intent of the [Memo] is to refresh the memory of the deponent prior to deposition" the
trial court missed Rule 612's focus on the witness's purpose in using the writing. This distinction
is critical because we find no evidence in the record of what the relators' purposes in using the
Memos were. Baron & Budd's legal assistant's sworn statement--that the Memo was intended in
part to assist the witnesses in remembering facts and situations that would be raised in
deposition--is not dispositive of the witnesses' intent in using the writing. The witnesses might
have used the Memos merely to communicate the nature of their asbestos exposure to their
attorneys and to learn about deposition strategy. These purposes are not within the narrower
scope of Rule 612 and would not justify abrogation of the attorney-client privilege.

 We also note that we do not view the content of the Memo as requiring disclosure. 
Though the instructions are occasionally heavy-handed, they are not so overbearing as to justify
destruction of the attorney-client privilege as to the entire document.

 Because we conclude that the Memos are protected by the attorney-client privilege,
we need not consider the relators' issues regarding the applicability of the attorney work-product
privilege.


CONCLUSION


 We hold that the trial court abused its discretion by finding that the Memo was not
confidential. We conclude that the Memo is protected by the attorney-client privilege as a
confidential communication between an attorney's representative and the client made for the
purpose of facilitating the rendition of legal services. Because we find no evidence that the
witnesses used the Memo intending to refresh their memories, we further conclude that the trial
court abused its discretion by holding that the memory-refreshing purpose of the Memo required
its disclosure under Texas Rule of Evidence 612(2).

 We therefore conditionally grant the writ of mandamus ordering the trial court to
vacate its order of October 8, 1997 requiring the disclosure of the Memo. Th